**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

UNITED STATES OF AMERICA　　*

vs.　　　　　　　　　　　　　*　CR 108-029

MICHAEL ROY WOOD　　　　　　*

---

**O R D E R**

---

Before the Court is Defendant's "motion for clarification," which the Court construes as a petition for habeas relief under 28 U.S.C. § 2241. (Doc. no. 49.) For the reasons set forth herein, the petition is **DISMISSED**.

Petitioner is confined at Blackwater River Correctional Facility in the Northern District of Florida. (See doc. no. 49.) On February 17, 2011, this Court sentenced him to 180 months imprisonment, the first 120 months of which are to run concurrently with other sentences. (Doc. no. 47.) On April 10, 2015, Petitioner sought relief in this Court "seeking clarification of sentence and or assistance in getting [his] sentencings [sic] the way the Courts structured them." (Doc. no. 49.) He argues that he is not getting credit for the time he is serving, but does not allege that he exhausted administrative remedies. The Government contends that the Court lacks jurisdiction because Petitioner is not confined in this District. (Doc. no. 50.)

A claim for credit for time served is properly brought under 28 U.S.C. § 2241 in the district of incarceration after the exhaustion of administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). If the petition is filed in another district, the court where relief is sought may dismiss the petition for lack of personal jurisdiction over petitioner's custodian, or transfer the petition to the district where petitioner is confined. Williams v. Rivera, 2011 WL 7005735, at *1 (S.D. Ga. Dec. 12, 2011)(transferring, rather than dismissing, § 2241 petition to district where prisoner is in custody where prisoner attached documentation showing exhaustion of administrative remedies); Paye v. United States, 2007 WL 2177114, *1 (S.D. Ga. Jul. 25, 2007)(dismissing, rather than transferring, § 2241 petition for lack of jurisdiction where prisoner failed to show exhaustion of administrative remedies).

Here, Petitioner challenges the execution of his sentence and therefore the Court construes the filing as a petition under § 2241. Petitioner filed the action in this Court, where he was sentenced, rather than in the Northern District of Florida, where he is in custody. Thus, the Court lacks jurisdiction. Because Petitioner failed to allege exhaustion of administrative remedies with the Bureau of Prisons, the Court **DISMISSES** the petition rather than transferring the case

2

to the proper court. Petitioner is advised that he may file a proper petition pursuant to 28 U.S.C. § 2241 with the United States District Court for the Northern District of Florida after exhausting the administrative remedy available through the federal prison system.

**IT IS ORDERED** that Defendant's motion for clarification (doc. no. 49), construed as a petition under 28 U.S.C. § 2241, is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2015.

```
_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia
```