IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA  *
                          *
        v.                *   CR 108-029
                          *
MICHAEL ROY WOOD          *

## O R D E R

On February 17, 2011, this Court sentenced Defendant Michael Roy Wood upon his plea of guilty to bank robbery by force, violence, and intimidation, a violation of 18 U.S.C. § 2113(a). The Court imposed a term of imprisonment of 180 months, providing that the first 120 months would run concurrently with the sentences imposed in the Circuit Court of Pinellas County, Florida and the United States District Court for the Western District of North Carolina. The remaining 60 months would be served consecutively to the Florida state and North Carolina federal sentences.

At present, Defendant remains in the custody of the Florida State Department of Corrections ("D.O.C.") in Daytona Beach, Florida. He recently filed a "Motion to Enforce Plea" (doc. 52), in which he complains as follows: "The B.O.P. [(federal Bureau of Prisons)] refused to accept this Court's judgment and is treating it consecutive to the Florida State

sentence *and* the United States District Court of Ashville (sic), North Carolina . . . ." (Def.'s Mot. at 1.) In point of fact, this Court expressly ordered that its judgment run consecutive to both the Florida state and North Carolina federal sentences up to 120 months. Defendant also claims that this Court ordered that he "do this sentence in the custody of the B.O.P. and not in the Florida D.O.C." Id. at 2.) This is incorrect. This Court did not provide or even suggest where Defendant would "do this sentence," although it is anticipated that he will be in the custody of the federal Bureau of Prisons for at least the last 60 months of his 180-month sentence.

This is not the first time that Defendant has asked this Court for a clarification of these sentencing issues. On April 10, 2015, Defendant filed a similar motion, which the Court construed as a petition for habeas relief under 28 U.S.C. § 2241. The petition was then dismissed because Defendant had not exhausted his administrative remedies and he brought the action in the wrong court. (See Order of May 5, 2015, Doc. 51.) Defendant's current "Motion to Enforce Plea" is an attempt to make an end run around the requirements of § 2241.

As was explained to Defendant previously, matters of credit for time served and other length of sentence determinations are better directed to the B.O.P., not this

Court.  Indeed, a prisoner must exhaust his administrative remedies with the B.O.P. prior to seeking judicial relief. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). Moreover, a judicial challenge to the B.O.P.'s decision regarding the execution of a federal sentence must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court.  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, once Defendant exhausts his administrative remedies with the BOP, he must bring his § 2241 challenge in the district of his confinement. This Court simply does not have jurisdiction to consider the matter.  See Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004).

Upon the foregoing, Defendant's "Motion to Enforce Plea" (doc. 52) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of August, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA